IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sidney T. Lewis,              :

    Plaintiff             :

  v.                          :     Case No. 2:08-cv-1040

James E. Johnston, Jr.,       :     JUDGE HOLSCHUH

    Defendant.            :

OPINION AND ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on November 12, 2008 (#3). Following an initial screening, the Magistrate Judge recommended that the complaint be dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted. On November 17, 2008, the plaintiff, Sidney T. Lewis, filed objections (#5) to the Report and Recommendation.

I.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id., see also 28 U.S.C. §636(b)(2)(B).

II.

Mr. Lewis first contends that the Magistrate Judge

unconstitutionally ruled on his motion for stay and motion to vacate which were apparently filed in the bankruptcy court. This argument lacks any basis in fact. The Report and Recommendation noted that Mr. Lewis had failed to obtain a stay of the bankruptcy court's order authorizing the sale of his bankruptcy estate's interest in certain real property and that the failure to obtain a stay led Judge Marbley to dismiss his appeal of the sale order on equitable mootness grounds. The Magistrate Judge, however, did not purport to rule on any motion for stay; nor did he rule on any motion to vacate the sale order. The sole issues before the Magistrate Judge consisted of whether this Court lacks subject matter jurisdiction over this action and whether the complaint fails to state a claim upon which relief may be granted.

Mr. Lewis next states that the Magistrate Judge failed to acknowledge the bankruptcy court's order which denied Yvonne D. Lewis' motion to vacate the order authorizing sale of the real property free and clear of liens, claims, and encumbrances. He attaches a copy of the bankruptcy court's order to his objection. Mr. Lewis argues that the pendency of his spouse's motion to vacate should have tolled his bankruptcy appeal and that, consequently, Judge Marbley's order dismissing his appeal was erroneous. Mr. Lewis, however, may not collaterally attack Judge Marbley's decision in this proceeding. His remedy, if any, was to appeal Judge Marbley's ruling to the Court of Appeals for the Sixth Circuit. Because the Magistrate Judge had no reason to acknowledge the bankruptcy court's order denying the motion to vacate, the asserted failure to acknowledge that order does not constitute a legal basis for rejecting the Report and Recommendation.

Mr. Lewis' third objection is that the Magistrate Judge usurped this Court's jurisdiction to vacate, alter, amend, or

modify the recommended disposition of his complaint.  This statement has no basis in fact.  The Report and Recommendation clearly set forth the procedure for filing objections and this Court's authority under 28 U.S.C. §636(b)(1) to accept, reject, or modify, in whole or in part, the findings and recommendations made therein.

Mr. Lewis also challenges the Magistrate Judge's findings (1) that the bankruptcy court authorized the sale of the real property on January 22, 2008; (2) that Judge Marbley granted the bankruptcy trustee's motion to dismiss the appeal of that order on September 26, 2008; (3) that the notices of appeal were not filed within the period prescribed by Fed. R. Bankr. P. 8002(a); and (4) that the defendant herein, James E. Johnson had been adjudged to be a "good faith purchaser."  These findings, however, were taken from Judge Marbley's opinion and order dated October 10, 2008, in case no. 2:08-cv-0075.  Mr. Lewis apparently wishes to collaterally attack Judge Marbley' disposition of his bankruptcy appeal, but as this Court already has noted, he will not be permitted to do so in this proceeding.

Lastly, Mr. Lewis complains that the Magistrate Judge ignored the fact that it is a crime to obtain private fees for realtors under 18 U.S.C. §155.  Regardless of whether or not a crime was committed, this statute does not create a private right of action for Mr. Lewis.  See Heavrin v. Boeing Capital Corp., 246 F.Supp.2d 728, 731 (W.D. Ky. 2003)(implication of private right of action for violation of 18 U.S.C. §152(4) which prohibits filing of false proofs of claim would not be consistent with overall legislative scheme for bankruptcy proceedings).

III.

Based on the foregoing reasons, the Court overrules Mr. Lewis' objections (#5) and adopts the Report and Recommendation (#3) in its entirety.  This action is hereby dismissed pursuant

to 28 U.S.C. §1915(e)(2) for failing to state a claim upon which relief can be granted and for want of jurisdiction. The Clerk shall mail a copy of this Opinion and Order, the Report and Recommendation, and the complaint to the defendant. Because this Court is not required to state findings and conclusions on a disposition of this type, see Fed. R. Civ. P. 52(a)(3), the plaintiff's request for findings of fact and detailed conclusions of law (#6) is denied. It is further ordered that the motion to vacate filed by Sidney T. Lewis and Yvonne D. Lewis (#8) is denied as the relief sought in that motion involves the order of sale entered by the bankruptcy court, and not Mr. Lewis' purported claims against defendant Johnston.


Date: January 21, 2009  **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court

4